Emely Allado DAMO, aka Emely
Allado Ramos, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–73094.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

Gary G. Singh, Honolulu, HI, for Petitioner.

District Counsel, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Richard M. Evans, Paul Fiorino, OIL, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Emely Allado Damo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reopen and reconsider.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, Cano–Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review.

Damo does not challenge the agency's determination that she cannot establish the good moral character required for cancellation of removal, see 8 U.S.C. § 1229b(b)(1)(B); therefore, the agency acted within its broad discretion in declining to reopen her removal proceedings, see Singh v. INS, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law"). We need not reach Damo's contention that the IJ failed to consider her hardship evidence because the good moral character ground is dispositive.

The agency also acted within its discretion in denying Damo's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. See 8 C.F.R. § 1003.2(b)(1); see also Socop–Gonzalez v. INS, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

Damo failed to demonstrate that she was prejudiced by the agency's failure to provide a transcript of her removal proceedings. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to succeed on a due process claim).

We lack jurisdiction to consider Damo's contention that the IJ abused her discretion and violated due process by denying Damo's adjustment application because Damo did not petition for review of that agency order. See 8 U.S.C. § 1252(b)(1); Martinez–Serrano v. INS, 94 F.3d 1256,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1258 (9th Cir.1996) (petition for review of the denial of a motion to reconsider does not confer jurisdiction over underlying final order of removal).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**